United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Jean Gardy Duvercy, Petitioner, )<br>)<br>v.                                )<br>)<br>William Barr and others,        )<br>Respondents.                    ) | Civil Action No. 20-22069-Civ-Scola |

### Order of Dismissal

Now before the Court is the Petitioner Jean Gardy Duvercy's § 2241 petition. For the reasons set forth below, the Court **dismisses** the Duvercy's § 2241 petition (**ECF No. 1**).

**1. Relevant Factual Background**

Petitioner, Jean Gardy Duvercy, an immigration detainee at Krome Service Processing Center, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Duvercy challenges the length of his detention by United States Immigration and Customs Enforcement ("ICE") as unlawful because it exceeds ninety days. (ECF No. 1).

Duvercy, a native and citizen of Haiti, arrived in the United States in 1993 "without being admitted or paroled." (ECF No. 1 at 1; ECF No. 8-6 at 3.) Although Duvercy's immigration proceedings continued for nearly nine years, the first three years of delays resulted from his own actions.[1] The removal proceedings began in September 2010; and, for nearly one year, Duvercy sought multiple adjournments to secure counsel. (ECF No. 8-7 at 1-2.) Then, Duvercy's counsel continued to seek adjournments through April 2012. (*Id.* at 2.) At Duvercy's request, the hearing was again adjourned until February 2013. (*Id.*) But, in December 2012, Duvercy filed an application for cancellation of removal with the immigration court and requested the hearing be adjourned again until October 2013. (*Id.*)

Over the next few years Duvercy's hearing was adjourned for several reasons including the closure of the court, to allow for the scheduling of a priority case and because the immigration judge was on detail or other assignment. (*Id.* at 3). It was, eventually, scheduled for October 2019. A few months before the hearing, Petitioner was convicted in Palm Beach County (Case No. 2017 CF006486AMB), where he pled guilty to improper exhibition of a dangerous

---

[1] *See* the immigration court's decision outlining the procedural history. (ECF No. 8-6 at 3-4).

weapon, assault, and discharging a firearm in a residential area. (ECF No. 8-3).[2] Duvercy appeared for the October 31, 2019 hearing; and, still, the immigration judge reserved the decision. (*Id.*) The Department of Homeland Security took Duvercy into custody on the same day. (ECF No. 8-1). On December 9, 2019, Duvercy appeared, *pro se*, for a bond hearing with the immigration judge. (*Id.* at 3). The immigration judge denied bond because Duvercy was subject to mandatory detention because of the "firearm/danger." (*Id.*; ECF No. 8-5).

On May 7, 2020, the immigration judge denied Duvercy's application for cancellation of removal and ordered him removed to Haiti pursuant to § 212(a)(6)(A)(i) of the Immigration and Nationality Act. (ECF No. 8-6 at 37). The immigration judge determined that Petitioner's recent conviction for violating Fla. Stat. § 790.15(4) "is an offense described under [8 U.S.C. § 1227(a)(2)(C)] and . . . [was] statutorily ineligible for cancellation of removal." (*Id.* at 33-34). On June 23, 2020, the immigration judge issued an order with respect to Petitioner's custody. (ECF No. 12-2). Duvercy's change in custody status was denied because there is "no changed circumstance": he is a "danger" and a "flight risk" (*Id.*) Petitioner reserved his right to appeal, and his brief was due on July 22, 2020. (ECF No. 12-1.)

**2. Discussion**

When viewing Duvercy's *pro se* pleading liberally and pursuant to *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), his sole claim is that he has been illegally detained by ICE in violation of his due process rights and in excess of the ninety-day removal period under Section 1231. (ECF No. 1 at 1-2.) The Court does not agree.

Because a final order of removal has been entered, Duvercy "is no longer being detained pursuant to § 1226(c), which governs *only* detention prior to a final removal order." *De La Teja v. United States*, 321 F.3d 1357, 1363 (11th Cir. 2003) (emphasis in original). "Instead, he is being detained now pursuant to a wholly different statute, 8 U.S.C. § 1231(a), which controls the detention and removal of an alien subject to a final order of removal." *Id.* Here, the immigration judge already determined that Duvercy will be deported to Haiti and issued a final order, which the Government attached to its response (*see* ECF No. 8-6), and therefore, § 1226 does not apply. *See Jennings v. Rodriguez*, 138 S.Ct. 830, 833 (2018) ("Immigration officials are authorized to detain certain aliens in the course of immigration proceedings while they determine whether those aliens

---

[2] The immigration judge explained the "extensive criminal record" which included convictions for eight separate offenses, four of which occurred after Petitioner was placed in removal proceedings. (ECF No. 8-6 at 7, 13, 29-35.)

may be lawfully present in the country."); *Demore v. Kim*, 538 U.S. 510, 528 (2003) (Section 1226 "governs detention of deportable criminal aliens *pending their removal proceedings*. Such detention necessarily serves the purpose of preventing deportable criminal aliens from fleeing prior to or during their removal proceedings, thus increasing the chance that, if ordered removed, the aliens will be successfully removed.").

Section 1231 provides that, ordinarily, once a noncitizen's order of removal becomes administratively final, the Government "shall" remove that person within 90 days. 8 U.S.C. § 1231(a). However, "[n]oncitizens who have been ordered removed because of certain criminal convictions, or those whom the Attorney General has found to be 'a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period.'" *Singh v. U.S. Attorney General*, 945 F.3d 1310, 1313 (11th Cir. 2019). Noncitizens who are "removable under section 1227(a)(2)," like Duvercy, "may be detained beyond the removal period." 8 U.S.C. § 1231(a)(6). The immigration judge explicitly stated that Duvercy's recent firearm conviction for violating Fla. Stat. § 790.15(4) is an offense described under 8 U.S.C. § 1227(a)(2)(C), and therefore, the exception set out in § 1231(a)(6) applies here.

Although exempt from the 90-day requirement, the United States Supreme Court has imposed a "reasonable time" limitation on the amount of time that e a noncitizen can be detained under 8 U.S.C. § 1231(a)(6) prior to deportation. *Zadvydas v. Davis*, 533 U.S. 678, 682 (2001). Thus, "for the sake of uniform administration in the federal courts, six months is the appropriate period." *Id.* at 680. "After the 6-month period, once an alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must furnish evidence sufficient to rebut that showing." *Id.* Here, a final order of deportation was issued by the immigration judge on May 7, 2020 or about three months ago, and therefore his length of detention is presumed to be reasonable. Consequently, his petition challenging his continued detention must be dismissed.

### 3. Recommendation

In sum, the Court **dismisses** Duvercy's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 22414 (**ECF No. 1**). The Court directs the **Clerk** to **close** this case and **mail** this order to the address listed below. Any pending motions are denied as moot.

**Done and ordered** at Miami, Florida, on August 7, 2020.

_____
Robert N. Scola, Jr.
United States District Judge

cc:   Jean Gardy Duvercy
200-464-145
Krome Service Processing Center
Inmate Mail/Parcels
18201 SW 12th Street
Miami, FL 33194
PRO SE